## BELL v. ANDREWS. (a)

### *Statute of frauds.*

Where there has been payment of the price of land, under a parol agreement for the sale of it, an action will lie to recover damages for the non-performance of such a contract.[1]

This was an action on the case, to recover damages, for the breach of an agreement to sell and convey to the plaintiff, in fee-simple, a tract of land in Westmoreland county.

*Hallowell*, for the plaintiff, offered parol evidence of the agreement, as stated in the declaration ; of the payment of the price of the land; of the defendant's subsequent acknowledgment of the sale and payment ; and of the defendant's refusal to execute a conveyance.

*S. Levy*, for the defendant, objected to any proof of a parol agreement. for the sale of lands in fee-simple, as the act for the prevention of frauds and perjuries (1 Dall. Laws, 640 ; 1 Sm. Laws, 389), required, expressly, that all such agreements, to have the full effect, must be put in writing, and be signed by the parties, or their agents. But—

BY THE COURT.—The payment of the consideration-money may, certainly, be proved by parol evidence. The agreement being then executed by one of the parties, is not affected by the act of assembly ;(b) and it is settled, that the English statute against frauds and perjuries was never extended to Pennsylvania. The act of assembly does not make a parol agreement for the sale of lands, void ; though it restricts the operation of the agreement, as to the acquisition of an interest in the land, and no title in fee-simple can be derived under it. But, certainly, an action will lie to recover damages for the non-performance of such an agreement.(c)

The objection to the evidence overruled.

---

(a) This case was tried at *nisi prius*, on the 25th of August 1796, before McKEAN, Chief Justice, and SHIPPEN and SMITH, Justices, and there was a verdict for the plaintiff. It appears by the record, that two witnesses were examined.

(b) Though the decision in this case is perfectly correct, yet the *dictum* of the court when ruling the question of evidence before them, must be attributed to the hurry of a jury-trial ; for no aid from the doctrine of part performance could be necessary, in a case which depended for support, not upon the agreement being taken out of the operation of the act of assembly, by the equity arising from part performance of it, but upon the ground that the agreement was not rendered void by the act.

(c) Ewing *v.* Tees, 1 Binn. 450, in which Chief Justice TILGHMAN says, "in several cases at *nisi prius*, damages have been recovered on parol contracts for the sale of land."[2]

[1] Clyde *v.* Clyde, 1 Yeates 92 ; Sedam *v.* Shaffer, 5 W. & S. 529 ; Meason *v.* Kaine, 63 Penn. St. 335 ; s. c. 67 Id. 126 ; Thompson *v.* Sheplar, 72 Id. 160.

[2] As to the measure of damages, see Ellet *v.* Paxson, 2 W. & S. 418 ; Meason v. Kaine, 63 Penn. St. 335 ; s. c. 67 Id. 126.; Bouser *v.* Cessna, 62 Id. 148 ; Harris *v.* Harris, 70 Id. 170. If no expenses have been incurred on the faith of the agreement, only nominal damages are recoverable. McCafferty *v.* Griswold, 29 Pitts L. J. 269.